## ASHBEL SMITH *v.* POLLY BENSON.

One tenant in common cannot convey a part of his interest in the estate,
by metes and bounds, without the consent of the co-tenant.

The levy of an execution, upon a *part* of the interest of one tenant in com-
mon, should be upon an aliquot portion of the tenant's entire interest, and
if not so made, but upon the tenant's entire interest in a portion of the
estate, described by the metes and bounds, *it is void.*

Damages in ejectment can never be recovered, unless the *land*, or some
portion of it, is recovered.

This was ejectment for lands in Highgate.   The plaintiff's
title was derived by virtue of the levy of an execution in his
favor against Abijah Benson, on the interest of said Abijah, in
the land in controversy, as tenant in common with the defen-
dant.   It was admitted that the defendant and said Abijah were
tenants in common of a tract of land, of which this now in dis-
pute was part, and that it was set off by plaintiff, on his execu-
tion, and described by metes and bounds.   The question to be
determined is the sufficiency of such a levy.   It was admitted
that defendant had always refused to recognize plaintiff as ten-
ant, in common, of any portion of the land, and, against his will,
had taken the profits of the whole estate.

The County Court held the levy void.

*Smith & Aldis, & O. Stevens, for plaintiff.*

1. The levy is good against Abijah Benson and those claim-
ing under him.   *Varnum* v. *Abbott and others*, 12 Mass. Rep.
474.

2. If the levy is good against Abijah Benson, and all his
right and title to the land in question passed to the plaintiff, and,
along with it, the right, that Abijah had to the possession and
occupancy of the land, as co-tenant with Polly Benson, the de-

fendant, then it would follow, that, if Polly Benson should refuse to let the plaintiff occupy the land in question, in common with her, and claim, as in this case, to hold the premises adversely to the plaintiff and to his title, it would amount to an ouster, and the plaintiff could maintain his action.

Franklin,
January,
1837.

Smith
v.
Polly Benson

Abijah Benson, before the levy, had as good a right to occupy the land in question as his co-tenant, the defendant, and the plaintiff has now the same right.   Abijah Benson could not, before the levy, nor can the plaintiff, now, exercise any right to the land, or do any act inconsistent with the rights of Polly Benson. Still he is entitled to his proportion of the rents and profits. *Bartlet* v. *Harlow*, 12 Mass. Rep. 354.

A possession by the plaintiff, in subserviency to the rights of Polly Benson, is consistent with the very nature of the estate claimed by the parties, and the levy would only be rendered inoperative, as against Polly Benson, when a division should take place and the land be set to her. *Galusha* v. *Sinclear*, 3 Vt. Rep. 399.

Again. The right to occupy in common with the defendant must be either in Abijah Benson or the plaintiff, who holds by virtue of the levy.   It is clear, that Abijah Benson has no right to occupy the land, neither can he petition for a partition.   All his right and interest in the land is gone.

Now, if the plaintiff has neither the right to possess in common with the defendant, or to petition for partition, then it may be asked, who has this right? Or is it true that the right, which Abijah Benson had in the land, has, in consequence of the levy, become extinct, so that it never can be enforced, either by himself or those, who claim under him, as against his co-tenant?

It may be said that, although Polly Benson is accountable to the plaintiff for the rents and profits, still *this action* cannot be maintained.   This is not true, for the plaintiff would be required to show the same title, in order to maintain an action of account, as he would to maintain ejectment.   The right to occupy, by one co-tenant, is the very ground on which the other is liable to account for rents and profits.

*S. S. Brown, for defendant.*

The levying creditor could not set off a part of the tract, by metes and bounds, but should have taken such an undivided part of the whole, as his execution bore to the value of the whole tract. 1 Swift's Dig. 155.

This by a fair construction of the statute is the proper mode of levying. Vt. Stat. 212. Sec. 7.

This construction has been given to the statute in Massachusetts, which is the same as ours. *Bartlet* v. *Harlow*, 12 Mass. Rep. 348.

A joint tenant cannot convey his interest in a part of the land, by metes and bounds, as it would amount to a severance, but must convey such a proportion or undivided share of the whole. And this principle, if correct, decides the present question. *Porter* v. *Hill*, 9 Mass. Rep. 34.

The mode of levying on property in common is well settled in Massachusetts and Connecticut, and such a levy, as the one in question, would be void in those States, and the levying creditor could not sustain a petition for a partition. *Baldwin* v. *Whitney*, 13 Mass. Rep. 57. *Nay* v. *Drake*, 9 Pick. Rep. 35. 1 Swift's Dig. 155. *Starr* v. *Leavitt*, 2 Connecticut Rep. 245.

And, in accordance with the cases, above cited, is that of *Galusha* v. *Sinclear*, 3 Vt. Rep. 394.

The opinion of the Court was delivered by

REDFIELD, J.—This question has never been directly before this court for adjudication till now. In the case of *Galusha* v. *Sinclear*, 3 Vt. R. 394, an opinion is expressed, *arguendo*, that such a levy, as the present, would not be valid. This opinion of the late Chief justice has, to a considerable extent, gained the confidence of the profession, as being founded in sound reason.

When the levy of an execution or deed of conveyance is extended over the entire interest of the tenant, no question ever arises. Most of the conveyances by tenants in common, found in the books, are of this character. I find no authority, at common law, for a conveyance by one tenant in common, of a portion of his interest in the common estate, by metes and bounds. The intimations referred to by Jackson, Judge, in his opinion, in the case of *Bartlet* v. *Harlow*, 12 Mass. 348, as found in Coke and Coke Littleton, and Viner's abridgment, are wholly unsatisfactory. If any such mode of conveyance was ever attempted at common law, no case has come up for judgment, involving that question. It is laid down by all the early writers upon this subject, that one tenant in common, or joint tenant can do no act prejudicial to the common estate. Hence, it has been inferred, he could not convey a portion by metes and

bounds. And in Massachusetts and Connecticut, the doctrine is well settled, that such conveyance is void. *Porter* v. *Hill,* 9 Mass. 34. *Mitchel* v. *Johnson,* 4 Conn. Rep. 495. *Giswold* v. *Johnson,* 1 do 363. In both those States, too, a levy of execution, in the same manner, is held void. *Starr* v. *Leavitt,* and *Henman* v. *Leavenworth,* 2 Conn. Rep. 243 and note, and *Bartlet* v. *Harlow, ubi sup.* We are inclined to adopt the doctrine of these cases.

Franklin, January, 1837.

Smith
v.
Polly Benson.

We know that the argument *ab inconvenienti* is one not very difficult to be had, in a science composed of difficulties and doubts, and, therefore, not an argument of much weight in most cases. But in the present instance, it does seem not a little perplexing to resist its force. If one tenant in common is to be permitted to convey his portion of the estate, by separate parcels, to more than one, he may to any number. And if these conveyances are valid, the co-tenant is bound to make partition with each of these separate grantees, and an estate, which originally was valuable, with the right to compel partition with one only, becomes wholly worthless, from the obligation to submit to perpetual sub-division.

Before the statutes of Henry VIII, and William III, tenants could not be compelled to make partition of their lands. The mode of conveyance then, while the estate must still be held in common, unless all the proprietors consented to partition, was not very important. But after the compulsory partition, provided by these statutes, which exists with us also, it became almost indispensable to the rights of co-tenants, that they should not be compelled to submit to repeated sub-divisions of the entire estate. Under this process, the separate parcels might not be adjoining each other, and thus be rendered more or less useless, under different circumstances. It is not necessary to state extreme cases. Almost no case can be supposed, that will not expose the co-tenant to injustice, which will be prevented by requiring the conveyance to be of an aliquot portion of the entire interest. The arguments, which have been named, apply with still greater force to the case of a levy of execution. This is a conveyance by operation of law, and should not be allowed, except where the estate might be so conveyed by the debtor. It is a conveyance *in invitum,* and it will, therefore, be still more unreasonable to subject the co-tenant to the caprices of fifty creditors, than of his co-tenant, whom he may be said, in some

Franklin,
January,
1837.

Smith
v.
Polly Benson.

sense, to have selected.  If this mode of conveyance is allowed, it will put it in the power, nct only of the tenant, but of his, creditors, very materially to control the partition, not in accordance with the statute, but their own whims.

It may be true, that this levy will operate as an estoppel against the debtor, Abijah Benson, and, had partition been made, it might enable the plaintiff to hold so much of the land as fell to the share of the debtor.    But that case is not now before us. The claim to recover rents and profits, in this action, even although the court should not consider the levy valid, is ill founded.    In the action of trespass and ejectment, as our action of ejectment is sometimes denominated, *mesne profits* are recovered only in those cases, when at common law the action of trespass for *mesne profits* would lie, *i. e.* when there had been a recovery in ejectment.  The recovery of damages, in this action, is but an incident of the recovery of the land.   If the plaintiff fails to recover the principal, he must of course fail to recover the incidents.

As we consider the levy insufficient to convey the land, the judgment of the Court below is affirmed.