By the Court,
Lane, C. J.
Since the eases heretofore decided upon the interests of these parties, there remains nothing to be settled in this suit, except the claim set up by Dennison, that the first purchaser •of a specific defined tract, from a tenant in common, may require from the co-tenant to apart his share from that part of the whole tract last sold by his grantor. That as Woodward and Samuel Foster, who claimed the whole of lots 92 and 20, first sold 92 to M’Olelland, under whom the plaintiff takes title, and as Joseph C. Foster has recovered ■an undivided fourth in both lots by these suits, the plaintiff asserts a *128 right to set off the undivided share thus recovered in that part of the-land remaining with Woodward and Samuel Foster, after their sale to M’Olelland. and now held by later purchasers. It is argued, that as between tenants in common all rights are equal; that a partition giving to Joseph C. Foster his pr portional value in lot 20, is as just as any for him, and more equitable to the plaintiff, in consequence of his-improvements ; and that the other parties have *no reason to complain, because their titles are later, and taken with a knowledge of his.
One tenant in common can not work a division of the common-property, by conveying his share, in a deed defining its limits by-metes and bounds. As between the co-tennnts and the purchaser, all-the effect of such a deed is to give to such purchaser, the proportional interest of his grantor, in that part of the common property-described in the deed. 2 Ohio, 113; 6 Ohio, 398. The tenant making-this separation of interest, and his heirs, are hound by it, especially iff the deed contains a warranty, and it may be accepted and ratified by the co-tenants. 5 Ohio, 244; Wright, 712. But there seems no such relations between earlier and later purchasers, as authorize the-former to impose any such obligations upon the latter. The rights- and equities of each are equally ample and perfect. The loss which they suffer in this instance, is not from an incumbrance, which may be-extinguished, either by the appropriation of the land left with the-heirs, or by a contribution among themselves; but is a full and paramount right over a proportion of the land of each. As respects heirs, we would endeavor to mould their rights, so as to protect the alieneeof their ancestor, but we find no authority to apply any such principas between purchasers, and we must leave each to sustain his share-of the burthen.
The right to relief, therefore,'in the point of view contemplated by the bill, is not sustained. There is, however, a fact disclosed by the-evidence, and in some degree touched upon by the argument, which is deserving fuller investigation. -Mrs. Woodward, before her sale to Joseph C. Foster, covenanted with the executors of Woodward, to release to them all claims arising from or under the conveyances off Woodward. How far this expends; how ftdly it precludes those who hold her estate, from asserting a right which may ultimately fall upon the estate of Woodward, is a grave question. It will require a change of pleading to present it. The present suit is so complicated with other matters, and other parties, that we believe it had better be dismissed, reserving the right to pursue this enquiry in a new bill.