## ALONZO BALLOU v. JEREMIAH HALE.

A partition of land by parol is invalid, notwithstanding the division line was marked and monuments set up, and a several occupation in accordance with it, for several years.

So such several occupation for a period less than twenty years, will not be proof of the assent of one tenant in common, to a conveyance by the other, of one of the parcels so marked out, and which was assigned to him for his share.

Such a conveyance, although it can have no effect upon the rights of the other tenant in respect to partition, will entitle the grantee to stand in the place of the grantor in respect to the possession and profits of that parcel of the common land.

Trover cannot be maintained by one tenant in common against the other, for taking all the crops and merely withholding the whole from him.

THIS was trover, brought to recover the value of two tons of hay, or grass, cut and carried away, and converted by defendant to his use in August, 1863, each ton being worth $7; also for a like quantity of plaintiff's hay, wrongfully taken and converted to defendant's use in August of each of the four years preceding 1863.

This action was tried by the court upon the general issue.

The evidence in the case tended to show, that one Millen, under whom the parties hold their title, owned certain lands called part of the *Mark Meadows* in Swanzey, and upon his death one undivided half of the same premises were owned by one Beebe Ballou and the other undivided half by George Bucklin and his wife Arethusa.    It is admitted that plaintiff is the owner, and for several years past has been, of Beebe Ballou's share—and that in December, 1851, George Bucklin and wife conveyed by metes and bounds, and by warranty, one half of said premises, or his wife's share, to the defendant.    Geo. Bucklin's wife was the daughter and heir at law of Millen.    In 1846, said Beebe Ballou and Bucklin and wife, being tenants in common of about 17 1-2 (acres) of

said meadow land, undertook to make partition of the same. Accordingly the plaintiff and Joel Millen, now deceased, as agents of said Beebe, and George Bucklin, went upon the premises. Bucklin procured the aid of a surveyor, George W. Sturtevant, who surveyed the lands and divided the same in equal shares. The plan then made was produced. Either in that year, or the next, the parties made a parol partition of said lands. They put down stakes and stones at the several corners or angles, according to the plan of Sturtevant.

The contest before the court had relation to the tract marked on the plan measuring about 12 1-2 acres; more especially, as to the ownership of the grass, which grew near the supposed dividing line which separated this tract into two parts. The plaintiff claimed the grass that grew upon land extending about two rods wide and for the distance of 40 or 50 rods in length, and that, according to the original partition, as made by the parties, all the grass, for this distance at least, belonged to him and had been wrongfully converted by the defendant as stated in his writ. The line claimed by plaintiff extended further east, by two rods, than defendant was willing to admit. Plaintiff claimed that, by the original division, he was entitled to the most land, as the eastern part of the meadow, which was selected by Bucklin, was most cleared, and bore the most grass, and was the most valuable. Bucklin testified that they divided the whole land equally in quantity without reference to the quality. Although the evidence of the parties was somewhat contradictory as to the location of plaintiff's southeast and defendant's southwest corner, and as to their dividing line—extending from their southerly to their northerly bounds—yet the weight of the whole evidence tended strongly to convince the court that the parties to the original partition intended to divide the land equally, in quantity, according to the survey and plan of Sturtevant, and that the southerly corner and said dividing line were located where the defendant contended they were placed. But the plaintiff further contended that the line the parties undertook to establish was not binding, because the partition they commenced was never perfected by the due execution of partition deeds, and that the plaintiff had repudiated the line set up by the defendant as early as 1857. On this point it was admitted that no partition deed had ever been executed, and that plaintiff although he occupied the westerly half of said 12 1-2 acres up to 1857, from the time he became the owner of Beebe Ballou's share, peaceably; yet in that year he complained to the defendant, and expressed dissatisfaction with the line, as claimed by the defendant, and forbid his cutting any more grass beyond the line as claimed by the plaintiff, and in 1860 and '61 cut the whole grass upon the disputed territory—and before the commencement of the action as a cotenant with the defendant made a demand of his half of the grass of the defendant that grew upon the disputed territory.

If, under the circumstances of the case, the whole court shall be of the opinion that the plaintiff is entitled to maintain this action, then we find the damages to which he is entitled for his half of the hay sued for, to be fifteen dollars.

*Lane*, for plaintiff.

1.　The division made between Beebe Ballou and Bucklin was void as to plaintiff.

2.　The deed from Bucklin to defendant in 1851 was also void as to plaintiff.　4 Kent 368; *Great Falls* v. *Worster*, 15 N. H. 413; *Wilder* v. *Russel*, Cheshire Co. July T. 1866.　And in this case plaintiff would be entitled to recover the full value of the grass of defendant.

3.　But if it was not absolutely void, it could, at most, only confer authority to exercise, as Bucklin's agent, his rights as tenant in common to that portion of the land covered by the deed.　Beyond this he had no color of right or authority.　And when he took the whole of the grass on any portion of the land within the line of the deed against the prohibition of plaintiff, claiming it as his own property, and converting it to his own use, he became liable to plaintiff for at least one half its value.　*Reed* v. *Howard*, 2 Met. 36; 2 Hillard on Torts 128, 295.

*Cushing*, for defendant.

I.　The deed from Bucklin to Hale was neither void nor voidable. It was a binding deed from Bucklin to Hale, and conveyed all the interest which Bucklin had in the land described in it and bound Bucklin to warrant the title thereto.　Whatever interest Bucklin acquired by the parol division passed by the deed to Hale, and until a valid division had been made Hale was the owner of all Bucklin's interest in the part conveyed by him.

II.　The parties, Beebe Ballou and Bucklin, intended to make, and supposed they had made, a valid division.　The court has found that this division was according to the line claimed by the defendant.　The plaintiff, on the death of Beebe Ballou, went into possession and occupied according to that division, until 1857.　He then did not undertake to abandon the division, but he claimed to hold the division, and to hold to a fancy line got up by himself.　He did not claim to be tenant in common of the disputed land, but to be the owner of the whole.　He forbade Hale's taking any of the grass, and in the year '60 and '61 he took the whole of the grass himself.　He did not undertake to repudiate the old division, but he claimed to hold by it, only insisting that the division line was different from that claimed by the defendant.

Now we say that so long as he acted under the agreement, and claimed by it and took to himself the hay growing upon his part, he must be bound by the true line according to the agreement as the court has found it.

III.　It appears by the case that after all the transactions alleged in the writ, and as a preliminary to commencing his action, the plaintiff demanded half of the hay as tenant in common, then for the first time undertaking to question the binding effect of the parol agreement.　The

court has found that during a part of the time embraced in the writ the defendant took all the hay on the disputed land, and that he did not deliver any part when demanded by the plaintiff.

Our position is that trover cannot be brought by one tenant in common against the other under such circumstances.   One tenant in common of a chattel has as good a right to the possession of the common property as the other, and the refusal to deliver is not evidence of a conversion.

Under such circumstances, the tenant in common might have brought assumpsit under the statute, but in that case as each had had the crops two years, neither party would have had any claim against the other on a fair accounting in such an action.

IV.  The finding of the court that the true line of division is that claimed by the defendant is conclusive of the merits of this case.   We do not believe that there is any principle of law by which the plaintiff can be permitted to hold on the parol division in part and repudiate it in part.

Neither could he, if permitted to repudiate the parol division, recover in this form of action as tenant in common, and then turn the defendant round to his cross action to recover the value of his half of the hay cut by the plaintiff in the years '60 and '61.

BELLOWS, J.   The partition by parol was not valid, notwithstanding the division line was marked and monuments set up, and notwithstanding the parties for several years occupied in accordance with the division so made.   This is too clear to need the citation of authorities, and the doctrine is not controverted by counsel.   It is recognized also by the recent decision of this court in *Wilder* v. *Russell*, Cheshire Co. Dec. Term, 1866.

It is also well settled in New Hampshire, that the conveyance by one tenant in common of a part of the land by metes and bounds, is not valid as against the other tenant in common, unless his assent to it is manifested by some proper act.   *French* v. *Lord,* 1 N. H. 44 ; *Jeffries* v. *Radcliff,* 10 N. H. 242 ; *Great Falls Co.* v. *Worster,* 15, N. H. 449 ; *Whitton* v. *Whitton,* 38 N. H. 133 ; *Martin* v. *Collister,* 38 N. H. 455.

What shall constitute a sufficient assent by the co-tenant is not well defined, but it is held in *Great Falls Co.* v. *Worster,* before cited, that the absence of objection is not proof of dissent, and so is *Duncan* v. *Sylvester,* 24 Maine 482.   Upon the same principle an occupation in accordance with such division is not such assent ; although if continued for twenty years, and under such circumstances as to make it adverse, it would establish the title ; but here there was no such occupancy.

In *Porter* v. *Hill,* 9 Mass. 34, it was held that a parol partition was void, notwithstanding a several occupancy conforming to it, and in *Wilder* v. *Russell,* cited before, there was such occupancy.

The doctrine that a conveyance of a part of the common property by one tenant is invalid, as against the other, is based, in all the cases, up-

on the fact that if sustained it would affect the rights of the other tenant in respect to partition ; compelling him to take a share in each of several parcels of the common property, such as his co-tenant might choose to mark out, instead of a share of the whole ; and this is the view taken in other States, as in *Bartlett* v. *Harlow*, 12 Mass. 348, which is a leading case ; *Peabody* v. *Minot*, 24 Pick. 329 ; *Duncan* v. *Sylvester*, 24 Maine 482 ; *Griswold* v. *Johnson*, 5 Conn. 563 ; *Smith* v. *Benson*, 9 Vt. 138 ; 4 Kent's Com. sec. 368, and cases cited ; 1 Wash. on Real Prop. 410, and notes.

At the same time it is well settled that such a deed is not void or wholly inoperative, as respects the grantor ; but will be effective to convey such land, if the other tenants shall afterwards, by release or other proper act, assent ; or there be a subsequent valid partition by which the land so granted is assigned to the share of the grantor.    *French* v. *Lund*, 1 N. H. 42 ; *Varnum* v. *Abbott*, 12 Mass. 478 ; *Brown* v. *Bailey*, 1 Met. 254 ; *Nichols* v. *Smith*, 22 Pick. 316 ; *Souther* v. *Porter*, 27 Maine 405 ; *Cox* v. *McMullen*, 14 Gratt. Va. 82 ; 19 U. S. Dig. 415, sec. 24.

Such a deed, then, can be avoided only by the other tenants, but is good against the grantor and his heirs, and may and will operate, so far as it can, without prejudice to the co-tenants.

The question, then, arises, whether the grantee in this case acquires by this deed the right which his grantor before had to the possession of the land so granted, and the crops upon it.

So far as regards the right of the other tenant to partition, it is clear that he cannot be affected by this conveyance, but has a right to a moiety of the entire land.

If, on the other hand, he might stand in the place of his grantor, as to possession and profits of the land granted, without prejudice to the other tenant, it would be in harmony with the doctrines under consideration to hold that he might do so.

If, instead of an attempt to convey the whole title to the land in question, the grantors had licensed the defendant to enter upon this land, and do just what they might have done, and no more, it would be difficult to see how the plaintiff could have been prejudiced by it.    If held to be valid, it certainly could not affect the plaintiff's right on partition, to have assigned to him a moiety of the entire property, and it is upon the injury to the other tenants in the matter of partition that the rule is based.

If, then, such a license would be valid, an instrument conveying all the interest which such tenant had, and which would clearly bind him, might well be held to operate to the same extent, and give to the grantee the same right, in respect to the possession and profits of that tract, so long as the other tenant did not choose to ask for partition, as the grantor had himself.

Before such grant the grantor was equally with the other tenant entitled to the possession and profits of the entire land ; after the conveyance, as the grantee acquired no interest in the other portion of the land, the grantor and grantee together, would be entitled, as respects the

tenant, to the same share of the profits, as if the grantor had conveyed an undivided share of his interest in the whole land ; unless, by an agreement between the grantee and the other tenant, the grantee was allowed to have exclusive possession of the parcel conveyed to him, in which case he would be entitled to hold the whole of the profits of that parcel.

Upon this ground the defendant has received the profits of the parcel conveyed to him, for several years, and so long as the arrangement by which this several occupation was had was permitted to continue, the defendant must be regarded as rightfully in the receipt of those profits. 4 Kent's Com. sec. 370, and cases cited.

In the leading case of *Bartlett* v. *Harlow*, 12 Mass. 348, the petitioner for partition acquired his title by extent of an execution upon part of the land held in common, and the court hold that he is not entitled to partition, but say "it does not follow that he is not now entitled to a just proportion of the rents and profits of the land, if they can be taken in such a manner as not to infringe the right of the respondent to his share, nor to disturb him in the enjoyment of an undivided moiety of the whole land ;" and the court evidently makes a distinction between what may prejudice a co-tenant in respect to his estate or inheritance, and that which may affect the taking of the profits of the common property.    See p. 252, and cases cited.

In *Tookie's Case*, 2 Co. Rep. 68, *a*, it is laid down that one joint tenant cannot prejudice his companion as to any matter of inheritance or freehold, but as to the profits of the freehold the one may prejudice the other, for there is a privity and trust between them, and therefore if one takes all the profits, there is no remedy for the other, for it was his folly to join himself in estate with such a person· as would break trust, to remedy which an action of account is given by statute of 4 Ann. ch. 16, although the defendant was not actually bailiff.    So is *Reed* v. *Tucker*, Cro. Elis. 803.    This distinction is recognized in *Bartlett* v. *Harlow*, 12 Mass. 352, before cited.

In *Rising & al.* v. *Stannard*, 17 Mass. 282, it was decided that one tenant in common may make a parol lease of a specific portion of the land, and that the other could not maintain trespass *quare clausum fregit* against the lessee.    The court say that all the tenants in common have an equal right to the possession of the land held in common, and may occupy it themselves ; or any one may authorize a stranger to occupy under him.    It is true that a grant of a part of the common property by a tenant in common has been held to be voidable by the co-tenants.    But the ground of that decision does not affect the present question.    A parol lease from a tenant in common does not affect the estate of his co-tenant, nor can it have any legal operation to prevent the co-tenant from having partition, and holding in severalty his full share of the common property.

In *Bacon* v. *Bowdoin & al.*, 2 Met. 591, it was held that where one tenant in common of land conveys a parcel thereof by metes and bounds, and takes back a mortgage and assigns it, the assignee, if he has no claim to the land under the other co-tenant, cannot resist the right of

the mortgagor's lessee for years to redeem that mortgage, it being held that this conveyance was valid against all but the other co-tenants.

If, then, a lease by one tenant in common of a portion of the common land is good to entitle the lessee to the rights of possession before held by the lessor, we see no reason for holding that a deed of the whole of a specific portion of the property should not be effectual to give the grantee what the grantor could, in the form of a lease, rightfully convey; and that is the mere right of possession in common with the rest.

Upon these views, holding the partition to be invalid, we think the defendant must be regarded as standing in the place of his grantors, in respect to the possession and profits of the parcel of land so granted; although the conveyance can have no effect upon the rights of the other tenants in common in respect to partition.

The remaining question, therefore, is, whether one tenant in common can maintain trover for the crops, or any portion of them, taken and carried away by another, that is, for merely withholding them and refusing to allow the other to participate in the use of them.

The case of *Carr* v. *Dodge*, 40 N. H. 404, seems to be decisive, that the action cannot be maintained. In that case the plaintiff's intestate died owning a share of the crops in possession of defendant, who owned the other part, and he refused to deliver to the administrator any part of them though duly demanded, and it was held that trover would not lie.

This is well sustained by authority. 1 Ch. Pl. 10th Am. Ed. 79, 156, 172 and 179, and cases cited. Had the property been destroyed by defendant, or sold and converted into money, an action might ordinarily have been maintained; but nothing of that kind exists here.

Under the statute assumpsit might have been maintained, perhaps, unless it had been found that defendant was by agreement taking the crops upon the land assigned to him by the defective partition.

There must, therefore, be judgment against the plaintiff.