EDWIN E. BENEDICT v. JOHN TORRENT ET AL., AND JOHN TORRENT ET AL. v. EDWIN E. BENEDICT (CROSS-BILL).

*Tenancy in common—Sale of interest in timber—Partition.*

1. One tenant in common of lands cannot, under the law of this State, convey his interest in the timber on said lands, and thereby make the other tenants in common co-tenants with his grantee in said timber.

2. The only interest which such a grantee takes is the interest in

the timber upon such of the land as in partition proceedings. shall be set off to his grantor, which partition must be made of the *entirety* of the estate according to the shares held by each tenant, after which the grantee will be entitled to all of the rights secured by his conveyance.

3. The following propositions are summarized from the opinion of Mr. Justice GRANT:

*a*—The law, common and statutory, has always most carefully protected the owners of land in the inherent right to preserve and enjoy it as they desire, of which right they can only be deprived on the ground of public necessity, by sale upon execution, and in certain cases of partition.

*b*—The partition statute (How. Stat. § 7882) provides that if the commissioners report that the land held in common cannot be divided without *great* prejudice to the owners, and if the court shall be satisfied that such report is just and correct, it may order a sale; but if any portion of the lands can be divided without *great* prejudice, it must be partitioned, and only the remainder sold.

*c*—A tenant in common cannot commit waste upon the common lands, and if he does he is subject to an action on the case, and must respond in damages; and to cut and remove timber from unoccupied lands is waste.

*d*—It is well settled that where one tenant in common conveys to a stranger any but an undivided interest in the *whole* of the land, where such interest is prejudicial to the rights of his co-tenants, such conveyance is void as to them. When partition of the lands is had between the co-tenants, courts. may properly consider such conveyance in partitioning the lands so as to secure the interest of such purchaser.

Appeal from Manistee.    (Judkins, J.)    Argued October 23, 1890.    Decided November 14, 1890.

Original bill filed to enjoin the cutting and removal of timber by the defendants, who filed a cross-bill praying that they be decreed the owners of an undivided part of the timber, with the right to cut and remove the same, and, if necessary, that partition might be made thereof. Decree dismissing original bill, and adjudging the parties tenants in common of the timber, which is decreed to be sold and the proceeds divided, reversed, and injunction

granted as prayed for. The facts are stated in the opinion.

*Ramsdell & Benedict,* for complainant.

*Niskern & Withey,* for defendants.

GRANT, J. The bill in this case is filed by complainant, Benedict, to enjoin the defendants from cutting and removing the timber from the lands described therein, about 1,100 acres. He avers that he is the owner in fee of the lands, sets forth his chain of title, alleges that defendants set up a claim to the timber upon the lands by virtue of a pretended conveyance thereof to them by some of complainant's grantors, and that they threaten to cut and remove the timber.

The answer admits complainant's title to the land, but claims that the defendants own the undivided 23-24 of the timber growing thereon, and that they have a right to cut and remove the same; admits that complainant owns the other undivided 1-24, and alleges that complainant had notice of their purchase. Defendants also filed a cross-bill, in which they set up this conveyance, the record of it in the miscellaneous records of the county of Manistee, notice on the part of complainant, Benedict, of the purchase, and pray that they may be adjudged to be the owners of said 23-24 of the timber; that they may cut and remove it at any time prior to May 4, 1897; and, if necessary, that a partition of the timber may be decreed. It is unnecessary here to set forth the answer to the cross-bill.

The case was heard upon pleadings and proofs taken in open court, and a decree rendered dismissing the original bill, and adjudging that complainant and defendants owned the timber as tenants in common; that the timber be sold at public auction under the direction of

a commissioner of the court; that the commissioner execute deeds to the purchasers at the sale; that said purchasers have the right to enter upon the lands, and cut and remove the timber within such time as shall be reasonable and just; and that, after paying all costs and expenses, the proceeds be divided between the complainant and defendants, 23-24 to the one, and 1-24 to the other.

In order to ascertain what rights these parties have, it is unnecessary to trace the title beyond the date of the conveyance under which the defendants claim. This conveyance was dated May 4, 1887. It purported to grant and convey to the defendants, their executors, administrators, or assigns, "all the timber now standing and being upon the following described lands," with license for the term of 10 years to enter upon the lands, and to cut and remove the timber, all the timber not so cut and removed during the term to belong to the parties of the first part. This instrument was executed by Harry Mee and Anna L. Seymour, and was duly acknowledged, and recorded in the miscellaneous records of Manistee county, on the day it bears date. It was not recorded upon the record of deeds. At that date the title to the land stood as follows: 12-24 in Frank B. Pease; 11-24 in Harry Mee and Anna L. Seymour; 1-24 in George A. Hart. Frank B. Pease had on April 29, 1887, executed an instrument to Harry Mee, purporting to bargain, sell, and deliver unto him "all the goods, chattels, and property, to wit, all his interest in and to the timber on the premises described as follows" (giving the same descriptions above referred to). It also gave him the license for 10 years to enter upon the lands, and cut and remove the timber. This instrument was also recorded on May 4 in the miscellaneous records of Manistee county.

By subsequent deeds of conveyance, duly executed and recorded, complainant, Benedict, obtained the entire title in fee to these lands. None of these deeds contained any reservation of the timber, nor any reference whatever to the timber purchase by the defendants. The lands are wild, unoccupied, and chiefly valuable for timber of various kinds.

It is insisted by the defendants that under the conveyances from Pease to Mee, and from Mee and Seymour to them, they are the owners of 23-24 of the timber, while the complainant contends that they are at most the owners of 11-24. In view of the final disposition of the case, it becomes unnecessary to determine this question. At the time of these conveyances, Hart was a tenant in common of the land, and complainant, Benedict, succeeded to his rights by deed. The rights of tenants in common are therefore involved, and by the law of tenancy in common they must be determined. It is therefore important to consider the statutes of this State upon this subject.

The statute makes provision for the partition of lands held in common. One tenant in common may present his petition to the circuit court in chancery praying for a partition. Commissioners are appointed, whose duty it is to divide and allot the several shares and portions to the respective parties. If the lands can be divided, this must be done. No authority to sell when partition can be had is given. The law, common and statutory, has always most carefully protected the owners of land in their right to preserve and enjoy it as they desire. This is an inherent right of which they can only be deprived on the ground of public necessity, by sale upon execution, and in certain cases of partition. This partition statute further provides that if the commissioners report that the lands held in common cannot be divided without great

prejudice to the owners, and if the court shall be satisfied that such report is just and correct, it may then order a sale; but if any portion of the lands can be divided without great prejudice to the owners, it must be partitioned, and only those portions sold which cannot be divided. How. Stat. § 7882. It is not sufficient under this statute that the lands cannot be divided without prejudice. Great prejudice must exist in order to warrant a sale. It is therefore entirely clear that the only decree which the court could render in partition proceedings would be a division of these lands as an entirety between the tenants in common, because no difficulty whatever exists in effecting a division.

A tenant in common cannot commit waste upon the common lands. If he does, he is subject to an action on the case, and must respond in damages. How. Stat. § 7942. To cut and remove timber from unoccupied lands is waste.

Defendants did not by their purchase become tenants in common of the land. They did not purchase a moiety, but only a specific part of the moiety of their grantors, with license to enter and remove what they had purchased. Their grantors could not cut and remove the timber. Upon what legal principle can they obtain rights which their grantors did not possess? It is well settled that they could not become purchasers from Mee and Seymour of any interest in the land to the prejudice of the other co-tenants. This is so well settled both by authority and reason as to render citations unnecessary. The statutes above referred to plainly say that neither Hart nor his grantee could be compelled to part with his land or any interest therein by a sale. I think it also well settled that where one tenant in common conveys to a stranger any but an undivided interest in the whole of

the land, where such interest is prejudicial to the rights of his other co-tenants, such conveyance is void as to them. When partition of the lands is had between the co-tenants, courts may properly consider such conveyance in partitioning the lands so as to secure the interest of such purchaser. This has been done in cases where one tenant in common has assumed to convey to a stranger a particular portion of the common property by metes and bounds.

The theory of the defendants is that, by the conveyance by Mee and Seymour to them, a new tenancy in common was created, and Hart, Pease, Mee, and Seymour were tenants in common of the land, and Hart and the defendants were made tenants in common of the timber. If this were so, then Mee and Seymour might have sold and conveyed the gravel beds, deposits of clay, stone quarries, and deposits of ore, if any existed upon the lands, and thereby have created so many new tenancies in common, and their grantees could have forced a sale of each interest as against the other co-tenants. Not only, therefore, may such a conveyance operate to the prejudice of those tenants in common who are not parties to it, but the inevitable result, as in this case, would be the substantial destruction of their landed estate.

The question here involved is new in this State, and we are able to find but one case in point in other courts, viz., *Boston Franklinite Co. v. Condit*, 19 N. J. Eq. 394. In that case, one tenant in common had conveyed by deed an undivided one-half of the iron, zinc, and other ores in certain lands. The question arose upon a bill for partition by a purchaser of this interest. As in this case, so in that, the grantor who had conveyed the one-half of the iron and zinc had also conveyed the fee of

the land, and the defendant was then the owner of the entire fee. The title as to said co-tenant was held void, and the bill dismissed.

Our conclusion is that one tenant in common cannot, under the law of this State, convey his interest in the timber, and thereby make the other tenants in common co-tenants with his grantee. The only interest which such a purchaser takes is the interest in the timber upon such lands as in partition proceedings shall be set off to his grantor. Such partition must be made of the entirety of the estate according to the shares held by each. When this is done, the purchaser of the timber would be entitled to all the rights secured by his conveyance. The cross-bill in this case is filed for the sole purpose of effecting a partition of the timber. It is not framed to obtain a partition of the entire estate. Whether the defendants can now maintain such a bill is not now before us, and we express no opinion thereon.

The decree of the court below must be set aside, decree entered granting an injunction as prayed in the original bill, and the cross-bill dismissed, with the costs of both courts.

CHAMPLIN, C. J., MORSE and CAHILL, JJ., concurred. LONG, J., did not sit.