HOBSON, Justice.
M. E. Elmore, during his lifetime, acquired 10 acres of land. Upon one half acre of this land he established and maintained his homestead until he died intestate in 1939, leaving his wife, Lydia Sasser Elmore, and his son, Joseph L. Elmore (plaintiff-appellant herein) as his sole surviving heirs at law.
Lydia Sasser Elmore died testate September 28, 1954, survived by her son, Joseph L. Elmore, who brought this suit for declaratory decree, seeking a construction of the will. The homestead of one half acre was set apart by stipulation of the parties, and it is undisputed that it descended to appellant, Joseph L. Elmore.
Item 2 of the will of Lydia Sasser Elmore, which is the key to the situation giving rise to this litigation, reads as follows :
“It is further my will that I give and bequeath to my son Joseph L. Elmore nine (9) acres of land described as being in the Southeast Quarter of the Southwest Quarter of the Southwest Quarter of Section 33, Township 3 South, Range 14 West, to have and to hold for his entire lifetime with no right to sell or convey, and that at his. *266 death, the said above described nine acres of real estate become the property of Everett Elmore and Carolyn Elmore Upson; the said Everett El-more and Carolyn Elmore Upson being my own grandchildren and my heirs at law-; and that one (1) acre of real estate situated, lying and being in the ■above described Section 33, Township 3 South, Range 14 West is hereby given by me to Murle Sasser Turner, same one acre to face East Fifteenth Street, being located on the North side of said Fifteenth Street in Panama City, Bay County, Florida.”
In his final decree the chancellor set the homestead apart, in accordance with the stipulation of the parties, and decreed that the remainder of the tract descended upon the death of M. E. Elmore to Lydia Sasser Elmore and Joseph L. Elmore as' tenants in common; that under the will of Mrs. Elmore, appellant, Joseph L. Elmore, received a life estate in nine tenths of an undivided one half interest in the 10 acres, less-the homestead, with remainder to the testatrix’ named grandchildren, and that Mrs. Turner received a one tenth undivided interest to face on Fifteenth Street.
 The real difficulty with this case is that the testatrix attempted to locate one acre of land and to devise it to Mrs. Turner, apparently thinking that she owned 10 acres in fee, whereas in fact she owned only an undivided one half interest in 9J4 acres. The cotenant of the testatrix was her son, Joseph L. Elmore. The land was not partitioned during the testatrix’ lifetime.' It is fundamental that one cotenant cannot bind another, absent that other’s consent, by alienating any specific portion of the estate, since each cotenant owns an interest in the whole, which is indivisible except by partition or agreement. Prairie Oil & Gas Co. v. Allen, 8 Cir., 2 F.2d 566, 40 A.L.R. 1389; Marshall v. Trumbull, 28 Conn. 183; Mitchell v. Hazen, 4 Conn. 495; Hutchison v. Chase, 39 Me. 508; Duncan v. Sylvester, 24 Me. 482; Phillips v. Tudor, 10 Gray, Mass., 78; Varnum v. Abbott, 12 Mass. 474; Bartlet v. Harlow, 12 Mass. 348; Porter v. Hill, 9 Mass. 34; Pellow v. Arctic Iron Co., 164 Mich. 87, 128 N.W. 918, 47 L.R.A.,N.S., 573; Mee v. Benedict, 98 Mich. 260, 57 N.W. 175, 22 L.R.A. 641; Benedict v. Torrent, 83 Mich. 181, 47 N.W. 129, 11 L.R.A. 278; Young v. Young, 307 Mo. 218, 270 S.W. 653, 39 A.L.R. 734; Paul v. Cragnaz, 25 Nev. 293, 59 P. 857, 60 P. 983; Ballou v. Hale, 47 N.H. 347; Whitton v. Whitton, 38 N.H. 127; Mussey v. Holt, 24 N.H. 248; Hyde v. Stone, 9 Cow., N.Y., 230; Southern Invest. Co. v. Postal Telegraph-Cable Co., 156 N.C. 259, 72 S.E. 361; Dennison v. Foster, 9 Ohio 126; Jewett’s Lessee v. Stockton, 3 Yerg., Tenn., 492; Lee v. Follensby, 83 Vt. 35, 74 A. 327; Smith v. Benson, 9 Vt. 138. There appears to- be no Florida law specifically covering this subject, but it presents a theoretical difficulty which is, in our opinion, impossible- to surmount. An attempt to alienate a specific, located portion of the interest of a tenant in common is voidable at the election of the grantor’s cotenants. 86 C.J.S. Tenancy in Common § 122 b, p. 535. Obviously, the plaintiff in this case has elected to avoid the devise of one acre to Mrs. Turner.
Appellees rely upon the following cases, averring that a reading of them “will show that what testatrix did is not impossible of accomplishment.” (Appellees’ br. p. 13) : Albury v. Albury, 63 Fla. 329, 58 So. 190; Perkins v. O’Donald, 77 Fla. 710, 82 So. 401; Massachusetts Audubon Soc. v. Ormond Village, etc., 152 Fla. 1, 10 So.2d 494; Leffler v. Leffler, 151 Fla. 455, 10 So.2d 799; Wright v. Sallett, Fla., 66 So.2d 237; Burton v. Keaton, Fla., 60 So.2d 770. These cases, however, do not appear to sanction a devise of the type made in this case but pertain rather to vagueness in the language of the devise. They do not point the way around the difficulty in ownership alluded to above. The chancellor was of the opinion that the will of the testatrix showed an intent on her part to devise an *267 “undivided one-tenth in what she did own to Murle Sasser Turner, provided that the share of Murle Sasser Turner shall face E. Fifteenth Street.” Of course, an undivided interest cannot be so located. If we eliminated the portion of the final decree which purports to locate Mrs. Turner’s share, Mrs. Turner would receive an undivided one-tenth of the testatrix’ undivided one half interest in the property. This result, however, would be subject to the criticism that it rewrites the will, which states specifically that the share of Mrs. Turner shall be one acre. It therefore does not appear that there is any way to save the devise to Mrs. Turner so long as it is contested by the plaintiff-appellant. At the minimum, the judgment must be reversed with directions to avoid and set aside the devise to the appellee Murle Sasser Turner, which must then descend by intestacy.
This brings us to a consideration of the balance of the tract and the attempt to devise it to appellant for life with remainder over to the grandchildren. Here again the problem confronting us results from the misconception of the testatrix as to the character and extent of her estate. The difficulty with the devise is that it is too specific, under the circumstances here disclosed. Appellant, Joseph L. Elmore, as we have seen, had an undivided one half interest in the property affected. There is no attempt here to partition the tract by will, as there was in connection with the devise to Murle Sasser Turner, but there are other difficulties springing from this attempt of the testatrix to dispose of the main portion of her property. If the devise to Joseph L. Elmore is effective, this devisee will be placed in the incongruous position of owning an undivided one half interest in certain land in fee, plus an undivided one half interest in the identical land for life, with remainder over to the children named in the will. Absent a partition of this land, alienation of any part of this land will be restrained for the life of Joseph L. Elmore, since he will be unable to determine what part he will be free to sell. It thus becomes as important to locate the land actually -covered .by the ■devise made by the testatrix to Joseph L. Elmore as it was to locate the acre sought to be devised to Murle Sasser Turner. The appellant, Joseph L. Elmore, does not seek to partition the land, but rather to avoid the devise. Since the remaindermen would have only an expectancy, it does not appear that a partition suit could be entertained by them, or in their behalf, against the appellant, who is their father, after the administration of the estate is complete. Moreover, it does not even appear that the executor will be able to select the land covered by the attempted life interest for the purpose of closing out the estate, and this will be the most significant immediate problem in the case if the devise is upheld.
Because of the anomalous situation described in the above analysis, under the circumstances of this case we are unable to uphold the attempted devise to Joseph L-Elmore, absent a complete rewriting of the language of the will to bring it into harmony with the property situation now disclosed. Accordingly, the attempted devise to Joseph L. Elmore must fail, and the affected property must descend by inte's-tacy, there being no residuary clause 'in the will.
The final decree appealed from must be, and it is hereby, reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
THOMAS, DREW, THORNAD and O’CONNELL, JJ., concur.
TERRELL, C. J., and ROBERTS, J., dissent.