HOBSON, Justice.
There is nothing remarkable about this simple mortgage case except the suggestion, urged by appellants, that it may be connected with the difficult case of Elmore v. Elmore, Fla., 99 So.2d 265, in some way which would require reversal of the chancellor’s final decree of foreclosure herein. The two cases involve the same land and some of the same parties, but happily we can see no further similarity which would require, or even permit, the uncomplicated case before us to become enmeshed in the sinuous coils of the previous litigation.
In the present case appellee, M. E. El-more, on November 15, 1946, took an assignment (from one Holland) of four notes in the aggregate principal amount of $600 signed by his father, Joseph L. El-more, and his grandmother, Lydia Elmore. These notes were secured by a mortgage on certain property in Panama City. Some time after the death of Lydia Elmore, M. E. Elmore sued to foreclose the mortgage, joining various subsequent mortgagees and persons involved in his grandmother’s estate. After hearing the testimony, the chancellor held that the equities were with the plaintiff, M. E. Elmore, and that the notes and mortgage were perfectly regular. He ordered the property sold to pay the mortgage debt, plus interest, costs, and attorney fees.
Appellant contends that appellee waived interest subsequent to the date of his purchase of the notes sued upon, and that he was estopped to claim attorney fees. The evidence having some bearing upon these points was conflicting and the chancellor resolved the conflict in favor of the appellee. Nothing has been shown by the appellants which would persuade us to disturb the chancellor’s determination of this part of the case.
*272 Appellants further contend that ap-pellee was required to elect as to whether he would take under the will of his grandmother or seek to enforce the mortgage debt. There is no connection between the estate and the mortgage debt except the land. The mortgage debt was, in part, a debt of the estate which must he paid before the beneficiaries can receive anything. Should the grandson be penalized simply because the notes he purchased were secured? The question answers itself, and it is obvious that the doctrine of election has no application to this case.
One further point is raised, but we find no merit in it.
Affirmed.
TERRELL, C. J., and DREW, THOR-NAL and O’CONNELL, JJ., concur.