ANSTEAD, Judge.
Appellant Deborah Ann Ott appeals a trial court order which determined that the legal rights to a mortgage and promissory note previously owned by her deceased husband were now vested in the deceased’s children. We affirm.
Appellant is the surviving spouse of the decedent, Richard Ott, and is the personal representative of his estate. She is also the residuary beneficiary under his will. Ap-pellee Willa Ott is the former wife of the testator and the guardian ad litem of his two children. The children are specific dev-isees of the deceased’s bequest of “all my right, title and interest in and to Casa del Tesoro, Inc., a Florida corporation.” However, prior to his death the testator sold the shares of corporate stock which he owned back to the corporation. As payment for the stock he received a mortgage and promissory note which he still held at the time of his death.
Appellant sought a declaratory judgment as to the ownership of the mortgage and note. She claimed that the bequest to the children was no longer effective and that an ademption had occurred due to the sale of the stock in the corporation by the testator prior to his death. The trial court held that under the provisions of Section 732.-606(2)(a) the children were entitled to the mortgage and note.
Section 732.606 reads:
732.606 Nonademption of specific devises in certain cases; sale by guardian of the property; unpaid proceeds of sale, condemnation, or insurance
(1) If specifically devised property is sold by a guardian of the property for the care and maintenance of the ward or if a condemnation award or insurance proceeds are paid to a guardian of the property as a result of condemnation, fire, or casualty, the specific devisee has the right to a general pecuniary devise equal to the net sale price, the condemnation award, or the insurance proceeds. This subsection does not apply if, subsequent to the sale, condemnation, or casualty, it is adjudicated that the disability of the testator has ceased and the testator survives the adjudication by 1 year. The right of the specific devisee under this subsection is reduced by any right he has under subsection (2).
(2) A specific devisee has the right to the remaining specifically devised property and:
(a) Any balance of the purchase price owing from a purchaser to the testator at death because of sale of the property plus any security interest.
(b) Any amount of a condemnation award for the taking of the property unpaid at death.
(c) Any proceeds unpaid at death on fire or casualty insurance on the property-
(d) Property owned by the testator at his death as a result of foreclosure, or obtained instead of foreclosure, of the security for the specifically devised obligation.
Both parties agree that subsection (1) applies only to specifically devised property *462 sold by a guardian of the property. Appellant also contends that the subsections (1) and (2) are interdependent and that subsection (2) applies only to specifically devised property held by a guardian.
Appellee urges us to read the two subsections separately, applying subsection (2) to all testators, not just those who have guardians. Under this reading of the statute, the children, as specific devisees, have the right under subsection (2)(a) to the note and mortgage, which represent the balance of the purchase price for the corporate stock and the security interest therein. Ap-pellee relies on the case of Dobson v. Lawson, 370 So.2d 1238 (Fla. 1st DCA 1978) the relevant facts of which are almost identical to the case before us except for the fact that the stock in Dobson was sold prior to death to the same beneficiary who was to receive the stock under the will. Under these circumstances the First District held that the beneficiary was entitled to have the promissory note held by the testator cancelled since the beneficiary was entitled to the balance due on the note under the provisions of subsection (2)(a). The First District cited a law review article which reasoned that although some confusion had been created by the order of the two sections, a close reading reflected that section (2) applied to all testators, not just those for whom guardians had been appointed.[1] We agree.
In addition to a close reading of the literal wording[2] of the statute, resolution of this issue is aided by an examination of the background of section 732.606, Florida Statutes (1981). This section of the Florida Probate Code is virtually identical in language to section 732.608 of the Uniform Probate Code as originally proposed in Florida. Furthermore, the language of the bill and the order of the subsections, as proposed and as adopted, are essentially the same as that of Section 2-608, the Uniform Probate Code, as approved by the National Conference of Commissioners on Uniform Laws in August, 1969. For that reason, the following comment in 1 The Uniform Probate Code Practice Manual 151 (R. Wellman ed.) is significant:
In 1975, the Joint Editorial Board recommended reordering the title of this section and reversing the original order of the subsections. This recommendation was designed to correct an unintended interpretation of the section to the effect that all the events described in subsections (a) and (b) had relevance only when the testator was under a conservatorship. The original intent of the section, made more apparent by this reordering, was to prevent ademption in all cases involving sale, condemnation, or destruction of specifically devised assets when the testator’s death occurred before the proceeds of the sale, condemnation, or any insurance had been paid to the testator.
If the intention of the legislature in adopting section 732.606 was to follow the lead of the Uniform Probate Code, as we believe it was, then clearly subsection (2) must be construed to refer to all testators, as the trial court correctly ruled.
Accordingly, the judgment of the trial court Is affirmed.
DOWNEY and HERSEY, JJ., concur.

. H. Fenn and E. Koren, The 1974 Florida Probate Code — A Marriage of Convenience, 27 U.Fla.L.Rev., No. 1 (1974) at 31. Appellant attempts to distinguish Dobson on the basis that the sale in that case was to the specific devisee. However, this factor is not relevant under the statute. Nor is the intent of the testator. In Owen v. Wilson, 399 So.2d 498 (Fla. 5th DCA 1981), the Fifth District observed: “To give effect to Section 732.606, any unpaid proceeds of specific devises are to be paid to the devisee regardless of intent. ... ”

. For example, subsection (2) refers to sales etc. by the testator, not by the guardian. Subsection (1) also provides that the right of a devisee under (1) shall be reduced by any right he has under subsection (2), a clear indication in our view that subsection (2) contemplates an entirely separate set of circumstances than those contemplated by subsection (1).