24735.   ARRINGTON et al. v. HOSEMANN et al.

FRANKUM, Justice.   On the 15th Day of December, 1943, George Louis Griley, a resident of Dade County, Florida, executed his last will and testament, in which he, among other provisions, created a testamentary trust in favor of three named grandchildren, naming as trustee his son, George Edmund Griley, the father of the named beneficiaries.  The will provided that the trustee would continue to administer the trust estate until the named beneficiaries should reach the age of 40 years, at which time the trustee should deliver to each beneficiary his or her respective share of the trust estate. George Louis Griley, the testator, died on February 28, 1947, a resident of Dade County, Florida.  His will was probated March 7, 1947, in that county.  George Edmund Griley, the

trustee, died in 1967, a resident of Camden County, Georgia. Alleging the foregoing facts, and further alleging themselves to have been duly appointed as successor trustees of the said trust estate, the complainants filed on September 16, 1967, the instant complaint seeking an accounting and other relief, including seeking to impress a resulting trust in their favor on certain property alleged to have been held by the said George Edmund Griley in his own name. The trial court dismissed the complaint on motion of the defendants, and the appeal is from that judgment. *Held:*

1. Where the construction or the validity and effect of a will, or testamentary trust, is involved, the general rule is that the law of the domicile of the testator, or settlor, at the time of his death is to be applied in determining those questions. *Guerard v. Guerard,* 73 Ga. 506, 509. In such a case, where no statute of the foreign State involved is pleaded it will ordinarily be presumed that the common law of England prevailed there, but this is true only if it be one of the original 13 colonies or a state derived from the territory of one of them. *Trustees of Jesse Parker Williams Hospital v. Nisbet,* 189 Ga. 807, 811 (1b) (7 SE2d 737). But, since "the State of Florida was not one of the original thirteen States and not carved out of one of them, but was a part of the Spanish possessions on this continent before becoming a part of the Union, it will not be presumed that the common law of England prevailed in that State. If it prevails there, it must be by virtue of some statutory provision of which this court can not take judicial notice." *Alropa Corp. v. Pomerance,* 190 Ga. 1 (1c) (8 SE2d 62). As no Florida law was pleaded in the complaint in this case, it must be decided on the law of this State.

2. The decision in this case must, therefore, be controlled by the applicable law of this State in force at the time of the testator's death in 1947, and no consideration can be given to the provisions of *Code Ann.* § 108-111.1 (Ga. L. 1950, pp. 310, 311). *Stephens v. Stephens,* 218 Ga. 671, 675 (130 SE2d 208). *Code* § 108-114 which was in force in 1947, provided: "Trust estates may be created for the benefit of any minor or person non compos mentis . . . [or] for any person of full age, whenever in fact such person is, on account of mental weakness, intemperate habits, or wasteful and profligate habits,

594

unfit to be intrusted with the right and management of property. . . If at any time the grounds of such trust shall cease, then the beneficiary shall be possessed legally and fully of the same estate as was held in trust, and any person interested may file any proper proceeding in the superior court where the trustee resides to have the trust annulled on that ground, if he so desires."

3. "Under the law of Georgia in force at the date of the testator's death, a trust estate could not be created in property for the sole benefit of an adult who was sui juris and who was not a spendthrift." *Stephens v. Stephens,* supra, hn. 2(b). It is fair to assume from the facts appearing from the complaint and exhibits that all of the named beneficiaries of the trust here in question were minors and in life in 1943 at the time the trust instrument was drawn (*Parrott v. Dyer,* 105 Ga. 93, 96 (31 SE 417)), and it therefore indisputably appears that all of the beneficiaries had long since become 21 years of age by September 1967, when the complaint in this case was filed. It does not appear from the complaint or the exhibits attached thereto that the named beneficiaries of the trust were, at the time they reached their majority, non compos mentis or laboring under any disability enumerated in *Code* § 108-114 such as would authorize the creation of a trust for such beneficiaries, or the continuation of an existing trust for minors beyond such time. Therefore, the trust had become completely executed at the time the instant complaint was filed and the complainants had no standing to maintain an action to recover the trust property. Such right, if it exists at all, reposes solely in the beneficiaries. *Gray v. O'Bear,* 54 Ga. 231 (3); *Glover v. Stamps,* 73 Ga. 209 54 AR 870); *Knight v. Knight,* 75 Ga. 386 (2); *Tillman v. Banks,* 116 Ga. 250 (4), 252 (42 SE 517). It follows that the trial court did not err in dismissing the complaint on motion of the defendants.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 8, 1968—DECIDED SEPTEMBER 24, 1968.

*Harrison & Laseter, Robert W. Harrison, Jr., John A. Laseter,* for appellants.

*J. S. Hutto, Benjamin R. Martin,* for appellees.