McCORD, Judge.
Appellant, Department of Revenue, appeals from a summary final judgment entered in favor of appellees, William B. Mesmer and William H. Robbinson. The suit is one for declaratory judgment brought by appellees against appellant, appellees contending that appellant wrongfully assessed documentary stamp taxes, surtaxes and penalties against them.
Appellees were trustees of a private profit-making investment trust, the settlors of which were also the beneficiaries. As trustees, appellees entered into a contract for sale and purchase of real property owned by Lottie May Fannin. The consideration agreed upon in the contract for the transfer of the property was $1.3 million. Prior to closing the sale, appellees sold their rights in the property (the contract) by a document entitled “Assignment” to Indico Corporation for $1.85 million. Indico then subsequently closed the sale with Fannin paying the contract price of $1.3 million and receiving legal title to the property. Indi-co’s cost of acquiring the property therefore totaled $3.15 million.
Documentary stamp taxes and surtaxes were paid upon the transaction in an amount which reflects only the $1.3 million paid to Fannin by Indico for the legal title under the contract. Appellant contends that the amount of tax due should have reflected the entire $3.15 million which In-dico paid for the property; that taxes and surtaxes were due upon not only the $1.3 million paid to Fannin but also upon the $1.85 million paid to appellees for equitable title under the assignment. The trial court, by its summary final judgment, ruled that the doctrine of equitable conversion is a fiction created by courts of equity to do justice between parties in particular circumstances, and the assignment does not constitute a taxable transaction under §§ 201.02 or 201.021, Florida Statutes. We disagree and reverse.
§ 201.02, Fla.Stat. (1975), provides in pertinent part as follows:
“Tax on deeds and other instruments relating to lands, etc.-—
(1) On deeds, instruments, or writings whereby any lands, tenements, or other realty, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser, or any other person by his direction, on each $100 of the consideration therefor the tax shall be 30 cents. When the full amount of the consideration for the execution, assignment, transfer, or conveyance is not shown in the face of such deed, instrument, document, or writing, the tax shall be at the rate of 30 cents for each $100 or fractional part thereof of the consideration therefor.
(2) * * *
(3) * * * ” (Emphasis supplied.)
§ 201.021 imposes a surtax on the documents covered by § 201.02.
It is clear under the foregoing statute that if the assignment of the contract for sale from appellees to Indico Corporation was an assignment of any interest in lands, it requires payment of the documentary tax and surtax. Although legal title remained in Fannin under the contract, equitable title was vested in appellees. Upon appellees’ assignment of the contract to Indico, the equitable title immediately vested in Indico, though the legal title continued in Fannin until the contract was performed by Fan- *386 nin’s conveyance to Indico which merged both the legal and equitable titles in Indico.
While originally created as a legal fiction, the doctrine of equitable conversion has be,come thoroughly engrained and embedded in Florida real estate law. It is now a fact to be reckoned with in dealing with transfers of real property. See Arko Enterprises, Inc. v. Wood, 185 So.2d 734 (Fla. 1 DCA 1966); H & L Land Co., Inc. v. Warner, 258 So.2d 293 (Fla. 2 DCA 1972); and In Re Estate of Sweet, 254 So.2d 562 (Fla. 2 DCA 1971). The Supreme Court in Hull v. Maryland Casualty Co., 79 So.2d 517 (Fla.1954), said:
“By ordinary common-law principles, the doctrine of equitable conversion becomes operative upon entry of an agreement to convey title to realty. The vendee immediately becomes the beneficial owner, and the vendor retains only naked legal title as security for payment of the purchase price. Michaels v. Albert Pick & Co., 158 Fla. 877, 30 So.2d 498.”
Appellees held equitable title under the contract for sale and purchase. They were obligated to pay $1.3 million to seller Fan-nin and entitled to receive legal title at closing. Prior to closing, appellees, by the assignment, conveyed their rights and obligations to Indico thereby enabling Indico to close with Fannin for a total purchase price to Indico of $3.15 million — $1.85 million of which was paid to appellees for equitable title and $1.3 million of which was paid to Fannin for the legal title. The vehicle for the transfer of equitable title was the assignment. Under it appellees assigned and transferred to Indico an interest in land within the contemplation of the foregoing statute — the equitable title. Documentary stamps reflecting the price of this transfer should have been affixed to the assignment, or in the alternative, to the deed at recordation. The surtax required by § 201.021, Fla.Stat. (1975), should likewise have been paid.
Reversed and remanded.
RAWLS, Acting C. J., and SMITH, J., concur.