McCORD, Chief Judge.
This interlocutory appeal is from an order granting summary judgment to appellee. We reverse.
The summary judgment found that a testamentary devise to appellant of stock in Suffolk Associates Corporation was adeemed when the testator, Louis Richard Hengst, sold the stock to appellant prior to his death. The material facts stipulated to by the parties are as follows: In November, 1974, decedent sold to appellant 50 shares of stock in Suffolk Associates Corporation for $25,000 and received from appellant in payment a promissory note and security agreement. Subsequently, in January, 1976, decedent executed the subject will. In that will he devised to appellant “all interest that I may have in Suffolk Associates Corporation and including, but not limited to all the stock that I own in Suffolk Associates Corporation.” Thereafter, in July, 1976, decedent sold to appellant his remaining 50 shares of corporate stock in Suffolk Associates for $25,000. Upon that sale a new promissory note and security agreement were executed by appellant and delivered to decedent. It consolidated the remaining balance owed on the first stock purchase and the full purchase price on this transaction — amounting to approximately $43,000. Decedent died in July, 1977, in possession of the promissory note and security agreement on which there was an outstanding balance of approximately $34,000.
Appellant contended in the trial court and contends here that the promissory note and security agreement should be cancelled as satisfaction of the devise contained in the will. The appellee estate successfully contended that the devise was adeemed. The trial court found that the bequest to appellant was a specific devise of decedent’s interest in the subject corporation and that because decedent owned none of the devised securities on the date of his death, the devise was adeemed by virtue of the provisions of § 732.605(l)(a), Florida Statutes (1977), which provides as follows:
“(1) If the testator intended a specific devise of certain securities rather than their equivalent value, the specific devi-see is entitled only to:
(a) As much of the devised securities as is a part of the estate at the time of the testator’s death.”
It is clear from the above statute that if the testator in the case sub judice had sold all of his stock to appellant or anyone else for cash, the devise would have been adeemed. Appellant argues that the foregoing statute is not applicable to a sale with deferred payments because § 732.606(2), Florida Statutes (1977), applies. That statute in pertinent part provides as follows:
“(2) A specific devisee has the right to the remaining specifically devised property and:
(a) Any balance of the purchase price owing from a purchaser to the testator at death because of sale of the property plus any security interest.”
This statute appears to control unless it is modified by the immediately preceding subsection (1) of § 732.606 which appellee contends is a restriction on the operation of subsection (2). Subsection (1) provides as follows:
“(1) If specifically devised property is sold by a guardian of the property for the care and maintenance of the ward or if a condemnation award or insurance proceeds are paid to a guardian of the property as a result of condemnation, fire, or casualty, the specific devisee has the right to a general pecuniary devise equal to the net sale price, the condemnation award, or the insurance proceeds. This subsection does not apply if, subsequent to the sale, condemnation, or casualty, it is adjudicated that the disability of the testator has ceased and the testator survives the adjudication by 1 year. The right of the specific devisee under this subsection is reduced by any right he has under subsection (2).”
Appellee contends that subsection (2) only applies as does subsection (1) if specifically devised property is sold by a guardian of the property for the care and maintenance *1240 of the ward or if a condemnation award or insurance proceeds are paid to a guardian of the property as a result of condemnation, fire, or casualty. We are unable to conclude that subsection (2) is so limited. We find nothing in subsection (2) to indicate that it is limited by subsection (1) and nothing in subsection (1) to indicate that subsection (2) is limited by it. While subsection (1) contains the final sentence, “The right of the specific devisee under this subsection is reduced by any right he has under subsection (2),” we find nothing in that sentence which limits the operation of subsection (2) only to instances where devised property is sold by a guardian of the property, etc. We note that this is also the view expressed by Henry A. Fenn, Dean Emeritus and Professor of Probate Law, and Edward F. Koren, Professor of Law, both of the University of Florida College of Law, published in their article, “The 1974 Florida Probate Code — A Marriage of Convenience”, where they said:
“Although the section is somewhat misleading in its arrangement, a specific dev-isee will be entitled to any property remaining in the specific devise, as well as any outstanding: (1) balance or security interest resulting from the sale of the property by the testator.” 27 U. of Fla. L.Rev., No. 1 (1974), page 31.
The author’s footnote on the same page of the above statement is as follows:
“A casual reading of the subdivision might lead one to think that subsection (2) applied only to specifically devised property held by a guardian of the property of the testator. A more careful reading shows that this is not the case and that subsection (2) applies to a specific devisee of all testators. By reversing the subsections this misapprehension could easily be avoided.”
The same construction is likewise adopted by the author of Redfern Wills and Administration in Florida, 5th Ed., Edwin 0. Simon, 1977, 12.09, page 177, in footnote 4 relating to ademption under § 732.606(2)(a) stating as follows:
“If there is any balance of the purchase price remaining at the testator’s death from the sale of the specifically devised property, the specific devisee is entitled thereto together with any security interest . . This statutory provision supersedes the decision in Estate of Sweet, (1971 Fla.App.) 254 So.2d 562.”
REVERSED.
MELVIN and BOOTH, JJ., concur.