498 So.2d 1289 (1986)
Winifred C. WILSON, Appellant,
v.
FIRST FLORIDA BANK, As Personal Representative of the Estate of Alvin L. Cooledge, Deceased and University of Georgia, Appellees.
No. 85-2643.
District Court of Appeal of Florida, Second District.
October 31, 1986.
Rehearing Denied November 26, 1986.
*1290 William R. Platt, Tampa, for appellant.
Robert L. McDonald, Jr., of Cramer, Haber & McDonald, P.A., Tampa, for appellee First Florida Bank.
Michael J. Bowers, Atty. Gen., and Grace E. Evans, Asst. Atty. Gen., Atlanta, Ga., for appellee University of Georgia.
GRIMES, Judge.
This is an appeal from a judgment construing a will.
On April 22, 1984, Alvin L. Cooledge died leaving a will which he had executed on November 3, 1983. The only portions of the will dealing with the disposition of assets are set forth below in pertinent part:
FIRST: I give and devise such of my tangible personal property, to those persons designated in a separate writing in existence at the time of my death, which is signed by me, and which describes the items and the devisees with reasonable certainty. I further direct that if within thirty (30) days after the date of my death, my personal representative is unable to locate such a list, it shall be conclusively presumed that such a list does not exist.
SECOND: I give and devise:
a. $1,000.00 to MILDRED HARRELL, (Harrell Hope Kennels), 4324 Deeson Road, Lakeland, FL 33801
b. $1,000.00 to NANCY MABRY, 1248 Sunset Drive, Lakeland, FL 33801
c. $1,000.00 to ANN FORDHAM, 1801 B Soloman Road, Charlottesville, VA 22901
THIRD: To the University of Georgia, Financial Aid Department, Athens, GA 30602, or its successor, in trust for the following uses and purposes:
a. To establish a Scholarship Fund in the name of Alvin and Jean Cooledge.
... .
g. This trust shall terminate, unless sooner exhausted, on January 1, 2025, any funds remaining shall be for the University of Georgia, General Scholarship Fund.
Subparagraphs b. through f. of paragraph THIRD set forth guidelines for granting the scholarships based on need and ability.
First Florida Bank, as personal representative of the estate, filed a petition for construction of the will. Appellant, the testator's sister, responded by contending that there was a partial intestacy because paragraph THIRD included no words of conveyance to establish an intention to transfer property and the will did not contain a valid residuary clause. The University of Georgia maintained that in construing the will as a whole, paragraph THIRD was a valid testamentary disposition of the residue of the testator's estate to the university for purposes of a scholarship fund.
*1291 At trial the court, over appellant's objection, admitted evidence concerning the intent of the testator. An attorney testified that he had drawn a prior will which Mr. Cooledge had executed on December 14, 1982. The prior will was identical to the subject will except that it contained an additional $1,000 bequest in the second paragraph and limited the University of Georgia scholarships to the testator's relatives. The attorney testified that Mr. Cooledge intended for the gift to the university to be of the residue of his estate. A vice president of the university testified that Mr. Cooledge mailed him a copy of the prior will and told him that the trust would be funded with the "residual" of his estate and that such amount should be significant. In a letter dated November 19, 1983, which was mailed to the university, the testator indicated his intention to "eliminate so-called `family' in that [he] had hassles with a cousin and `[his]' sister." There was testimony to the effect that on several occasions the testator was adamant in his belief that his family did not need his money and that his family did not care about him. Several friends also testified that the testator had indicated that he wanted his estate which was not designated in the will to individual people to go to the University of Georgia. Numerous witnesses explained how Mr. Cooledge's lifestyle evidenced his unwavering support of the University of Georgia and its football program.
The court concluded that it was the testator's intent to leave the residue of his estate, following the specific devises, to the University of Georgia for a scholarship fund and construed the will accordingly. On appeal, appellant has raised several issues. However, discussion is warranted only with respect to whether the trial court erred in allowing extrinsic evidence of the intent of the testator.
The paramount objective in construing a will is to ascertain the intent of the testator. The will as a whole should be considered in order to ascertain the testamentary scheme. In re Estate of Wagner, 423 So.2d 400 (Fla. 2d DCA 1982). The construction of the will which leads to a valid testamentary disposition is favored over one which results in intestacy. In re Gregory's Estate, 70 So.2d 903 (Fla. 1954). If possible, the intent should be determined from the will itself. In re Estate of Lesher, 365 So.2d 815 (Fla. 1st DCA 1979). However, in case of ambiguity, extrinsic evidence is admissible to explain the intent of the testator. Dutcher v. Estate of Dutcher, 437 So.2d 788 (Fla. 2d DCA 1983).
An analysis of the structure of Mr. Cooledge's will reveals a general testamentary scheme in which the first paragraph disposes of all personalty, the second paragraph designates all pecuniary bequests, and the third paragraph establishes a fund by which the University of Georgia may provide scholarships. The positioning of the bequest to the University of Georgia in the last of the three paragraphs which purport to dispose of his assets implies an intent to use the balance of his estate to finance the scholarships. However, the testator's intent is obscured by the failure to specifically state what portion of the estate is intended to fund the disposition under paragraph THIRD. It is difficult to believe that the testator drew up detailed provisions with respect to how the university would award scholarships without intending to provide funds from which the scholarships could be awarded. Thus, we conclude that Mr. Cooledge's will was sufficiently ambiguous to permit extrinsic evidence of his intent. This is not a case like In re Estate of Barker, 448 So.2d 28 (Fla. 1st DCA 1984), in which the will contained nothing whatsoever that could be construed to be a residuary clause.
The rationale of In re Estate of Wood, 226 So.2d 46 (Fla. 2d DCA), cert. denied, 232 So.2d 181 (Fla. 1969), supports our conclusion. In that case, the decedent and her husband had similar wills which left their respective estates to the survivor of the two. When the decedent's husband died first, she inherited his estate. Both wills *1292 had identical clauses which provided that in the event of a common disaster in which both of them were killed, their estates would pass to thirteen named devisees. The problem which precipitated the lawsuit was that the decedent's will (as well as her husband's will) made no provision for the disposition of the decedent's estate in the event she and her husband did not perish in a common disaster and her husband predeceased her. The trial court permitted testimony concerning the intent of the decedent and ruled that the estate should pass to the named devisees rather than under the laws of intestacy. In rejecting the contention that the court erred in allowing parol evidence, this court reasoned that an ambiguity existed between the actual wording of the common disaster clause and the general intent of the decedent as shown by the will as a whole. In affirming the distribution to the enumerated devisees, the court said:
As to the power of a court to construe a will where the general intent is inconsistent with a clause by reason of omitted words from such clause, Page, in 4 Bowe-Parker: Page on Wills, § 30.25, states as follows:
"This power may extend to construing a will as if words were inserted therein, where it appears clearly on its face that such words were omitted solely by inadvertence, and are essential to the expression of testator's manifest intention; * * * The courts may exercise this power where the fact that words are omitted by accident does not appear until the court endeavors by means of extrinsic evidence to apply the description in the will to the subject matter." (Citations omitted)
226 So.2d at 49.
Once decided that extrinsic evidence could be considered, there is no doubt that Mr. Cooledge intended for the residue of his estate to pass under paragraph THIRD. Hence, the court's ruling directing that the residue of the estate be distributed to the University of Georgia was eminently correct.
Affirmed.
DANAHY, C.J., and CAMPBELL, J., concur.