SCHWARTZ, Chief Judge.
The trial court held that a parcel in the City of Miami used for charitable purposes— the Camillus House for homeless persons— by the Brothers of the Good Shepherd, Inc., as the assignee of a ninety-nine year lease which commenced in 1945, was entitled to a charitable exemption from ad valorem taxation under sections 196.012(1), 196.196, 196.192(1), Florida Statutes (1995). The latter provides that:
All property owned by an exempt entity and used exclusively for exempt purposes shall be totally exempt from ad valorem taxation.[emphasis supplied]
Because we conclude that the property in question, although concededly used for exempt charitable purposes by an exempt entity, was not, as the statute requires, “owned” by that entity, the appellee, we reverse.
The basis of the ruling below, and the appellee’s argument here, is that although Camillus House is nominally the lessee of the property, it is actually its “equitable owner” and thus qualifies for exemption under the statute. See, e.g., Bancroft Inv. Corp. v. Jacksonville, 157 Fla. 546, 27 So.2d 162 (1946). This determination cannot withstand analysis of the parties’ respective obligations under the lease itself. Among other things, it provides for a $5,000.00 yearly rental payment, obliges the lessee to construct a designated building on the premises, which it did, and requires, without any option for the lessee to purchase the property, that it be surrendered (with the additional construction) to the landlord at the end of the term. It seems obvious that, completely unlike the cases on which the appellee relies, the lessee does not hold “virtually all the benefits and burdens of ownership” of the property so as *574 to render it its “equitable owner.” Leon County Educ. Facilities Auth. v. Hartsfield, 698 So.2d 526, 530 (Fla.1997). See Gautier v. Lapof, 91 So.2d 324 (Fla.1956), cited in Hartsfield, 698 So.2d at 530 (no equitable ownership even when lease contains option to purchase); Hull v. Maryland Cas. Co., 79 So.2d 517 (Fla.1954)(doctrine of equitable conversion becomes operative only upon entry of an agreement to convey title to realty); Valencia Center, Inc. v. Publix Super Markets, Inc., 464 So.2d 1267 (Fla. 3d DCA)(landlord remains owner of property burdened by lengthy lease at economically inadequate rent), pet. for review denied, 475 So.2d 696 (Fla.1985); B.W.B. Corp. v. Muscare, 349 So.2d 183 (Fla. 3d DCA 1977)(only contract for sale of property establishes vendee as beneficial owner); Sweet v. First Nat’l Bank, 254 So.2d 562 (Fla. 2d DCA 1971)(vendee becomes beneficial owner only when vendor-owner makes specifically enforceable contract to sell property), cert. denied, 259 So.2d 717 (Fla.1972); cf. Hartsfield, 698 So.2d at 526 (lessee equitable owner when lessor holds title only to facilitate financing and lessee may acquire title by paying nominal sum); Bancroft, 27 So.2d at 162(property titled in the name of the United States government being used by private entity for non-exempt purposes under contract for sale subject to ad valorem taxation); First Union Nat’l Bank v. Ford, 636 So.2d 523 (Fla. 5th DCA 1993)(lessee equitable owner when title held only as security for debt and would automatically pass to lessee upon full payment); Hialeah, Inc. v. Dade County, 490 So.2d 998 (Fla. 3d DCA)(same, nominal fee), review denied, 500 So.2d 544 (Fla.1986).[1]
Accordingly, the judgment under review is reversed for entry of judgment for the County.
Reversed.

. Our holding on the equitable'ownership issue makes it unnecessary to consider the County’s other arguments on the merits.
We do hold, since the appellee's alleged failure timely to claim an exemption from or pay taxes for the subsequent year came only after the entry of the final judgment in this case, that the County's reliance on Bystrom v. Diaz, 514 So.2d 1072 (Fla.1987) is misplaced. Hence, we deny its motion to remand the case for vacation of the judgment and dismissal of the action.