939 So.2d 344 (2006)
JULIA H. MORGAN, Appellant,
v.
ELIZABETH L. CORNELL, as Personal Representative of the Estate of TIMOTHY M. CORNELL, and TIMOTHY M. CORNELL, JR., and MARK H. CORNELL, Appellees.
Case No. 2D05-5872.
District Court of Appeal of Florida, Second District.
Opinion filed October 20, 2006.
D. Keith Wickenden and William M. Pearson of Grant, Fridkin, Pearson, Athan & Crown, P.A., Naples, for Appellant.
Jon Scuderi of Goldman Felcoski & Stone, P.A., Naples, for Appellees Mark H. Cornell and Timothy M. Cornell, Jr.
No appearance for Appellee Elizabeth L. Cornell.
CASANUEVA, Judge.
Julia H. Morgan and Timothy M. Cornell Sr. were long-time companions who never married. When Mr. Cornell died on April 6, 2003, he and Ms. Morgan owned two properties as tenants in common, a summer home in New Hampshire and a winter home in Naples, Florida. In his will executed some eighteen months before his death, Mr. Cornell attempted to leave a life estate in his real estate interests to Ms. Morgan, but his heirs challenged the devises. On a motion for summary judgment filed by Mr. Cornell's sons, the trial court construed the language in favor of the heirs and against Ms. Morgan. We reverse.
The specific devises at issue state:
(E) If I own the home [in] New Hampshire at my death, I leave said home and real estate together with the contents therein to Julia H. Morgan for the term of her life, subject to the obligation to pay all real estate taxes, upkeep, insurance and ordinary costs of ownership, with a remainder interest in fee simple as Tenants in Common to her children . . ., per stirpes.
(F) If I own the home [in] Naples, Florida at my death, I leave said home and real estate together with the contents therein which were purchased by Julia and myself to Julia H. Morgan for the term of her life, subject to the obligation to pay all real estate taxes, upkeep, insurance and ordinary costs of ownership, with a remainder interest in fee simple to my children . . ., as Tenants in Common.
The personal representative of Mr. Cornell's estate, his daughter Elizabeth L. Cornell, filed a petition seeking construction of these conditional devises, alleging that the condition"If I own the home"is unclear in extent, nature, and meaning. On one hand, the word "own" could be read to mean "to the extent I own the home," so that the specific devises would be effective for whatever interest the testator possessed at his death. On the other hand, the word "own" could be interpreted more strictly, so that the condition would be fulfilled only if the testator were the sole owner of each home at the time of his death. If the second interpretation were operative, the condition would fail and the testator's interest in the homes would become part of the residuary estate and pass to his three children.
In their motion for summary judgment, Mr. Cornell's two sons contended that the language was unambiguous and could be construed in only one way: the devise would be effective only if their father owned one hundred percent of the property at the time of his death. The trial court agreed with the sons and made the following ruling:
There is no genuine issue of material fact. The language in the will regarding the specific devises of real property is not ambiguous. If Mr. Cornell is not the 100% owner of the specified properties, then the specific devises will fail and Mr. Cornell's interests in the properties will pass through the residuary clause.
An appellate court, like the trial court, must examine the language of the will to ascertain the testator's intent. "The intention of the testator as expressed in his or her will controls the legal effect of the testator's dispositions." § 732.6005(1), Fla. Stat. (2005); In re Estate of Budny, 815 So. 2d 781, 782 (Fla. 2d DCA 2002). Ascertaining intent is a court's paramount objective in construction of a will. Wilson v. First Fla. Bank, 498 So. 2d 1289, 1291 (Fla. 2d DCA 1986).
In construing the key language of these devises"If I own the home"we must assume the testator meant what he said, see Filkins v. Gurney, 108 So. 2d 57, 58 (Fla. 2d DCA 1959), and give the words their usual meaning, see Estate of Martin, 110 So. 2d 421, 422 (Fla. 2d DCA 1959). We agree with the trial court that the language contains no ambiguity. However, the trial court erred when it read into the plain language of the devise a limitation on the kind of ownership required to trigger the condition.
The Cornell sons assert that Elmore v. Elmore, 99 So. 2d 265 (Fla. 1957), is exactly on point and controls this case. In Elmore, the testatrix sought to devise one particular acre of a ten-acre parcel to a Mrs. Turner. The testatrix, however, owned an undivided one-half interest in the land as a tenant in common with her son. Because she did not have fee simple title to the parcel and had not partitioned the acreage before her death, as a tenant in common she could not convey a specific portion of the whole property to a third person, and the third person could not become the sole owner of the conveyed property.
The Elmore court noted that an "attempt to alienate a specific, located portion of the interest of a tenant in common is voidable at the election of the grantor's cotenants. . . . Obviously, the plaintiff [the testatrix's son] in this case has elected to avoid the devise of one acre to Mrs. Turner." Id. at 266. The court concluded that the testatrix had misconceived "the character and extent of her estate," id. at 267, and the devise to Ms. Turner failed.
In contrast, Mr. Cornell did not attempt to devise a particular portion of the real estate to a third party; instead, he devised his entire interest to Ms. Morgan, the co-owner. And there is no question that Mr. Cornell knew that he owned these properties as a tenant in common with Ms. Morgan.
As did the court in Elmore, we attribute to the word "own" its usual meaning in the context of the disposition of real property. To "own" means to "rightfully have or possess as property; to have legal title to." Black's Law Dictionary 1137 (8th ed. 2004). Land ownership, in particular, encompasses the dual concepts of actual physical control and the right to use and enjoy the land:
While it is usual to speak of ownership of land, what one owns is properly not the land, but rather the rights of possession and approximately unlimited use, present or future. In other words, one owns not the land, but rather an estate in the land. This is, in some degree, true of any material thing. One owns not the thing, but the right of possession and enjoyment of the thing.
Bryan A. Garner, A Dictionary of Modern Legal Usage 633 (2d ed. 1995) (quoting 1 H.T. Tiffany, The Law of Real Property § 2, at 4 (B. Jones ed., 3d ed. 1939)).
The parties in this case agree that Mr. Cornell and Ms. Morgan owned the real properties as tenants in common. When two persons own property as tenants in common,
A and B each owns in his own name, and of his own right, one-half of Blackacre. . . . It means that each owns separately one-half of the total ownership. . . . Each is entitled to share with the other the possession of the whole parcel of land. Each may transfer his undivided one-half interest as he wishes so long as the transfer does not impair the possessory rights of the other tenant in common. Each may transfer his undivided one-half interest by will. . . . The central characteristic of a tenancy in common is simply that each tenant is deemed to own by himself, with most of the attributes of independent ownership, a physically undivided part of the entire parcel.
Thomas F. Bergin & Paul G. Haskell, Preface to Estates in Land & Future Interests 58-59 (1966). The estate of a tenant in common is both inheritable and devisable. Tyler v. Johnson, 55 So. 870 (Fla. 1911).
As a tenant in common, Mr. Cornell owned a physically undivided part of each entire parcel in New Hampshire and in Naples. Without question, Mr. Cornell did "own" the property at the time of his death; the ownership condition was fulfilled; and each devise validly passed a life estate in his undivided half interest to Ms. Morganjust as he intended.
Our construction of this unambiguous language is further bolstered by Mr. Cornell's significant omission of any language limiting his ownership in the devise; he did not say "if I solely own the property."
Reversed and remanded for further proceedings consistent with this opinion.
STRINGER and LaROSE, JJ., Concur.
NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.