S09A0677, S09X0678. PARKER et al. v. MELICAN et al.;
and vice versa.
(684 SE2d 654)

THOMPSON, Justice.

During the last decade of his life, Harvey Strother (testator) had an extramarital relationship with Anne Melican. In that period, he executed codicils to his will on three occasions to provide for Melican and her adult son Matthew (propounders). The first codicil provided $7,900 a month to Anne Melican for the rest of her life and the second codicil, inter alia, gave her a certain Marco Island, Florida condominium if testator owned it at the time of his death. The third codicil, executed just weeks before testator's death in January 2004, would have paid the mortgage on a home in Cape Cod shared by testator and Anne, given Anne the Florida boat slip where testator's yacht was docked, and given Matthew the Florida property where Matthew's business is located.

Sydney Parker, both in his capacity as executor of the estate and trustee of the marital trust benefitting testator's wife, and David Strother, testator's grandson (caveators), filed caveats to the petition to probate the codicils, contending the codicils were invalid because they were not properly executed, testator lacked the requisite testamentary capacity, and the will was not freely and voluntarily executed. A jury determined the first two codicils were valid and found the third codicil to be invalid. Both sides appealed. In Case No. S09A0677, we conclude the first codicil was not properly executed and reverse the judgment admitting that codicil to probate. Caveators' challenge with regard to property listed in the second codicil has not been ruled on by the trial court, and therefore, is not properly before this Court for review. In Case No. S09X0678, we affirm the judgment holding the third codicil to be invalid.

1. OCGA § 53-4-20 (b) of the Revised Probate Code of 1998 provides that "[a] will shall be attested and subscribed in the presence of the testator by two or more competent witnesses." Caveators contend the first codicil, dated July 20, 2000, was not properly executed because neither subscribing witness observed testator sign the codicil, nor did testator acknowledge his signature to either of them. Both witnesses, Bonnie Gordon and Amie Spears Lockett, testified at trial that they were introduced to testator in late August 2000 in the nursing facility where he was then staying. They began working for testator as home health care nurses in September

2000, after he was released from the nursing home. Neither witness knew testator before August 2000. Lockett testified that at some point after she started working for testator he asked her to sign a document. She identified her signature as a witness to the codicil, but stated testator did not tell her what the document was and that at the time she signed it testator's signature was not on the document. Although contradicted by earlier deposition testimony, Gordon testified at trial that testator's signature was not on the document at the time he asked her to sign it and that he never explained to her what the document was. Based on this evidence, it is clear testator failed to sign or acknowledge his signature on the first codicil in the presence of at least one, and possibly both, subscribing witnesses. Although propounders argue that the subscribing witnesses had forgotten the circumstances of their signing by the time of trial, thereby making them unavailable under OCGA § 53-5-24 and authorizing the jury to consider other evidence in determining the validity of the codicil, the record shows that Lockett's testimony was unequivocal that testator did not sign in her presence and he did not acknowledge his signature on the codicil. Accordingly, propounders failed to prove due execution of the codicil, and the trial court's denial of the motion for judgment notwithstanding the verdict was error. See OCGA § 53-4-20 (b); *Miles v. Bryant*, 277 Ga. 362 (1) (589 SE2d 86) (2003) (rules of execution require maker to either sign in each witness' presence or acknowledge her signature to the witnesses).

We reject propounders' argument that the codicil contained an attestation clause rendering proof of attestation unnecessary. While the codicil contains a clause stating that testator signed the codicil on a date certain,[1] the clause does not attest to compliance with the formalities of executing a codicil under Georgia law, and more specifically, does not certify that testator signed the codicil or acknowledged his signature in the presence of the subscribing witnesses. See *Underwood v. Thurman*, 111 Ga. 325, 331 (36 SE 788) (1900) (attestation clause will recite all facts essential to due execution of a will). Even assuming the presence of an attestation clause, however, any presumption of proper execution arising from the codicil's attestation clause has been rebutted by clear proof that the codicil was not properly executed. *McCormick v. Jeffers*, 281 Ga. 264, 267 (637 SE2d 666) (2006).

2. At the conclusion of trial, caveators made an oral motion for arrest of judgment with regard to the second codicil, arguing that the

---

[1] The clause provides: "In witness whereof, I have hereunto set my hand to this codicil this 20th day of July, 2000" and is signed "Harvey Strother."

bequest of real property in that codicil had been adeemed because testator executed a contract for the sale of the property prior to his death. The trial judge did not rule on the motion, stating instead that the motion dealt with an issue of estate administration which would be considered at a future time. Inasmuch as the record reveals the trial court has not considered or ruled on the allegations pertaining to testator's ownership rights in the property, caveators' challenge on this ground is not ripe for review. *Johnson v. Allgood Farm*, 278 Ga. 283 (1) (602 SE2d 837) (2004).

3. In their cross-appeal, propounders contend they were entitled to a new trial on the validity of the third codicil because the trial court improperly charged the jury that caveators had no burden to prove the grounds of their caveats. We find no error in the court's charge.

Under Georgia law, the party offering a will or codicil for probate assumes the burden of persuasion as to the validity of the document, including the burden of proving by a preponderance of the evidence that the document was executed freely and voluntarily and with the requisite formalities. *Heard v. Lovett*, 273 Ga. 111 (1) (538 SE2d 434) (2000). See OCGA §§ 24-4-1 (burden of proof generally lies with party asserting or affirming fact); 53-4-20 (formalities of execution). As recognized by this Court in *Mobley v. Lyon*, 134 Ga. 125, 130 (1) (67 SE 668) (1910), and reaffirmed in *Heard*, supra, both cases involving will caveats, the party who asserts the validity of a will or codicil, and to whose case the claim of validity is essential, carries the burden of proving it. Here, propounders sought to probate the third codicil in solemn form, asserting that the codicil was freely and voluntarily executed by testator in full compliance with the require- ments of Georgia law. Caveators, through their pleadings, did not assert an affirmative defense but merely denied the petition's allegations pertaining to testator's mental capacity and the volun- tariness of the codicil upon which propounders based their right to recover. Because the existence of testamentary capacity and volun- tary execution are necessary elements of propounders' case, the burden of persuasion remained on propounders to prove their assertions by a preponderance of the evidence. In the absence of an asserted affirmative defense, caveators had no duty to affirmatively prove anything but were "required only to come forward with evidence to rebut [p]ropounder[s'] prima facie case" as to essential elements. *Heard*, supra at 111-112. See also *Farmers' State Bank v. Kelley*, 159 Ga. 280 (125 SE 467) (1924); *Jones v. Cannady*, 78 Ga. App. 453 (4) (51 SE2d 551) (1949). Contrary to propounders' argument, the Suggested Pattern Jury Instructions clearly reflect this law. See Suggested Pattern Jury Instructions, Vol. I: Civil Cases (5th ed.), § 76.5000.

188

4. Propounders also allege the trial court erred by excluding the testimony of James Karl, the Florida attorney who drafted the third codicil, concerning communications he had with David Johnson, testator's Georgia accountant, and Tom Browning, a Georgia attorney who represented testator in a previous domestic action. Propounders contend Karl's testimony was relevant to rebut caveators' claim that propounders deprived testator of access to his Georgia advisors.

"[T]he admission of evidence is generally committed to the sound discretion of the trial court, 'whose determination shall not be disturbed on appeal unless it amounts to an abuse of discretion.' [Cit.]" *Cooper Tire & Rubber Co. v. Crosby*, 273 Ga. 454, 456 (2) (543 SE2d 21) (2001). A review of the record shows that the trial court permitted Karl to testify at length regarding communications he had with testator concerning the drafting and execution of the third codicil on the ground that such testimony was admissible under the testamentary exception to the attorney-client privilege. See OCGA § 24-9-25; *Yarbrough v. Yarbrough*, 202 Ga. 391 (7) (43 SE2d 329) (1947); *O'Brien v. Spalding*, 102 Ga. 490, 492-495 (31 SE 100) (1897). The court ruled inadmissible, however, evidence of Karl's communications with Browning and Johnson concerning the third codicil. Assuming, arguendo, that the trial court abused its discretion by excluding such evidence, we conclude the error was harmless as Karl testified without objection that he provided a copy of the third codicil to testator's "lawyer in Georgia," thus clearly presenting this fact to the jury, and evidence of Browning or Johnson's responsive statements would have constituted inadmissible hearsay. See OCGA § 24-3-1; *Bailey v. Edmundson*, 280 Ga. 528 (4) (630 SE2d 396) (2006) (for contents of telephone conversation to be admissible, party must have opportunity to cross-examine person to whom witness spoke); *White v. Regions Bank*, 275 Ga 38 (2) (a) (561 SE2d 806) (2002) (exclusion of cumulative evidence did not constitute abuse of discretion).

*Judgment affirmed in Case No. S09X0678. Judgment reversed in part in Case No. S09A0677. Hunstein, C. J., Carley, P. J., Benham, Melton, Nahmias, JJ., and Judge Carl C. Brown, Jr., concur. Hines, J., not participating.*

DECIDED OCTOBER 19, 2009 —
RECONSIDERATION DENIED NOVEMBER 23, 2009.

*Roy E. Barnes, Allison B. Salter, Dupree & Kimbrough, Hylton B. Dupree, Jr., Brock, Clay, Calhoun & Rogers, Thomas H. Rogers III*, for appellants.

*Troutman Sanders, Douglas D. Salyers, Alison A. Grounds, Wayne R. Vason, W. Allen Separk*, for appellees.